# Wytheville.

### BOISSEAU, TRUSTEE, AND OTHERS v. FULLER AND OTHERS.

#### JUNE 9, 1898.

#### Absent, Riely and Cardwell, J. J.

1. LEASE—*Concluded Contract—Formal Papers to be Executed in Future.*—
   Words of present demise will generally make an actual lease, if no
   future or more formal document appears to have been intended. If
   the parties are fully agreed, there is a binding contract, notwithstand-
   ing the fact that a formal contract is to be prepared and signed. If,
   though fully agreed, they do not intend to be bound until a formal
   contract is prepared and executed, then there is no contract, and the
   fact that a formal contract is to be executed is strong evidence to show
   that they do not intend the previous negotiations to amount to an
   agreement. It is a question of intention. An agreement signed by
   the parties which designates the property to be leased, the price to be
   paid, and the duration of the term, but concludes, "The above to be
   covered by a regular lease subject to approval by all parties," is not a
   concluded contract, but merely an executory agreement for a lease.

Appeal from a decree of the Circuit Court of the city of
Danville pronounced June 17, 1896, in the chancery suit of
*Fuller* v. *Conrad's Adm'r and Others*, in which the appellants
asserted a claim against the estate of C. H. Conrad, deceased.

*Affirmed.*

The opinion states the case.

*Peatross & Harris* and *Christian & Christian*, for the appellants.

*Berkeley & Harrison, Green & Miller*, and *N. H. Massie*, for
the appellees.

HARRISON, J., delivered the opinion of the court.

In this case, pending for a settlement of the estate of C. H. Conrad, deceased, the appellant filed before the commissioner, to be audited as a debt against said estate, a claim in his favor as assignee of E. L. and A. Gerst for $4,000 damages, growing out of the failure of deceased, or his personal representatives, to carry out the following alleged contract:

" DANVILLE, VA., May 6, 1893.

" We hereby agree to lease to Messrs. C. H. Conrad and ——— our Union-Street warehouse known as the 'Exchange' for a period of five (5) years from January 19, 1894, at an annual rental of three thousand dollars ($3,000), payable in monthly instalments, same to be used exclusively for the sale of leaf tobacco, and not for storage purposes only. The above to be covered by a regular lease subject to approval by all parties.

" E. L. AND A. GERST.

"Accepted and agreed to this 6th day of May, 1893.

" CHAS. H. CONRAD."

Chas. H. Conrad died on or about the 23d day of July, 1893, and the assertion of this claim against his estate presents the question whether or not the foregoing paper, which is relied on as the foundation of said claim, is a completed contract which can be enforced.

The whole question is one of intention. If the parties are fully agreed, there is a binding contract, notwithstanding the fact that a formal contract is to be prepared and signed; but the parties must be fully agreed and must intend the agreement to be binding. If though fully agreed on the terms of their contract, they do not intend to be bound until a formal

contract is prepared, there is no contract, and the circumstance that the parties do intend a formal contract to be drawn up is strong evidence to show that they did not intend the previous negotiations to amount to an agreement. Clark on Contracts, p. 38.

Words of present demise will generally make an actual lease, if no future or more formal document appears to have been intended; and especially if possession is taken under it. But the use of such words, however strong, will not constitute the instrument a lease, if it can be clearly inferred from the rest of the paper that the parties had it in contemplation to enter into a future lease. Thus an instrument containing words of present demise, with an agreement that the lessee shall take possession immediately, and that a lease shall be subsequently executed, operates only as an agreement for a lease. Taylor on Landlord and Tenant, sec. 39.

In the case of *Winn* v. *Bull*, 7 Ch. Div. 29–32, the court had under consideration an agreement to lease, more formal in its character than the one at bar, closing with these words: " This agreement is made subject to the preparation and approval of a formal contract." Jessel, M. R., said : " It comes, therefore, to this, that where you have a proposal or agreement made in writing expressed to be subject to a formal contract being prepared, it means what it says; it is subject to and dependent upon a formal contract being prepared. Where it is not expressly stated to be subject to a formal contract it becomes a question of construction whether the parties intended that the terms agreed on should merely be put into form, or whether they should be subject to a new agreement, the terms of which are not expressed in detail. The result is, that I must hold that there is no binding contract in this case."

In the case of *Harrison* v. *Parmer*, 76 Ala. 157, a similar question to the one at bar was under consideration. A writing had been drawn up, signed by both parties, and duly attested, describing the premises to be let, the commencement and

duration of the term, and the annual rent to be paid, with the addition of these words: "Notes and papers to be drawn up as soon as convenient." Stone, C. J., in delivering the unanimous opinion of the court, held that the paper, without the addition of the words, "Notes and papers to be drawn up as soon as convenient," was sufficient to satisfy the requisitions of the statute of frauds, and to make a binding contract; but that the addition of the words, "Notes and papers to be drawn up as soon as convenient," showed that the parties considered the transaction as incomplete, and held that the writing was only an executory agreement for a lease.

In the light of these authorities we are of opinion that the language, "The above to be covered by a regular lease subject to the approval of all parties," with which the writing under consideration concludes, indicates that the "regular lease" to be prepared and approved was in the minds of the parties as the only authoritative evidence of their contract. It alone was to be the consummation of their agreement, and in such a case there is no contract until the formal writing, contemplated by the language used, has been prepared, approved, and executed, in accordance with the intention of the parties.

T. N. Jordan, who was occupying the premises as lessee at the time the writing in question was signed, testifies on behalf of appellant that some time in the late spring of 1893 C. H. Conrad told him "he had rented the house and other houses" in Danville. This statement of deceased is relied on as showing the construction he put upon the writing in question. What explanation of this remark deceased could make if he were able to speak we do not know. In the same deposition the witness says that deceased charged him not to say anything about it, and adds that he supposes Conrad wanted it kept secret until he had it all arranged. If the witness is right in this conjecture it would seem to indicate that Conrad at that time did not consider the transaction concluded and binding, and wanted nothing said about it until the "regular

lease," which he considered the final consummation of nego-
tiations, was executed. However this may be, we are of
opinion that this evidence is not sufficient to affect or alter the
language used by the parties in the writing signed by them.

For these reasons the decree appealed from must be affirmed.

*Affirmed.*