# Richmond

NORTH AMERICA MANAGERS, INC. v. SAMUEL A. REINACH.

January 13, 1941.

Record No. 2297.

Present, Holt, Hudgins, Gregory, Browning and Eggleston, JJ.

*Robert H. May, Jr.,* and *Edward T. Haynes,* for the plaintiff in error.

*James G. Martin & Son* and *I. Lysle Levine,* for the defendant in error.

GREGORY, J., delivered the opinion of the court.

We are called upon to decide whether certain correspondence between the representatives of North America Managers, Inc., its affiliate, North America Assurance Society, and Samuel A. Reinach constituted a legal and enforceable contract in writing.

Reinach was an insurance salesman and in December, 1937, entered into a formal written contract with North America Managers, Inc. This contract was superseded by another dated November 1, 1938, in which Reinach agreed to represent the company in Norfolk and vicinity in the sale of hospitalization insurance to be issued by the North America Assurance Society. The company terminated this contract on May 1, 1939, and through its representatives took possession of the office and equipment of Reinach. He was considering legal action against the company for what he thought was their wrongful sequestration of his office and property and for their wrongful termination of his contract with them, when the representatives of the company and Mr. Isaac Levine, the attorney for Reinach, conferred and reached

a tentative compromise agreement. This was followed by an exchange of correspondence. Many letters were sent back and forth and it is from this correspondence that Reinach claims a legal contract arose whereby their differences were settled.

The letters which are alleged to form the contract follow:

"May 12, 1939.

"Mr. I. Lysle Levine
Attorney and Counsellor at Law
National Bank of Commerce Building
Norfolk, Virginia.

"Dear Mr. Levine:
"Your letter of May 10th concerning your recommendation for settlement of the account in connection with Mr. Samuel A. Reinach has been received.

"This morning I discussed the matter with our Executive Committee and the Committee has made the following proposition: It is agreed that the North America Managers, Inc., will pay to Mr. Reinach $150.00 per month beginning May 1st and continuing during his lifetime, with a five-year certain guarantee from May 1, 1939. The company agrees to cancel the balance now on the books against Mr. Reinach. It is my understanding, as suggested by you, that this offer is made without prejudice to Mr. Reinach, the North America Managers, Inc., or the North America Assurance Society. It is made in the spirit of an earnest effort to amicably adjust matters as they now stand and to provide for Mr. Reinach a life income from the business he has produced. I hope very much that this will be acceptable to you and Mr. Reinach and I want to say that in my opinion it is as fair, reasonable and liberal as the company will make. I want to impress upon you that as I said the other day, this is not a trading matter, and that this is the best and only offer the company will make.

"If you and Mr. Reinach decide to accept this please advise me at your earliest convenience and we will have the necessary contract drawn up and submitted for your approval. I expect to be away from Sunday, the 14th to Friday, the 19th, and in the event you do not make a decision before I leave, please address your communication to Mr. E. B. Crow, President, who will issue the necessary instructions in preparing the papers.

"With an assurance of my kind regards I am

"Yours very truly,

"A. P. Woods,
"Vice-President."

"May 22, 1939.

"*In Re*: Samuel Reinach.
Mr. E. B. Crow, President,
North America Assurance Society of Richmond, Va.
1300 W. Main Street,
Richmond, Virginia.

"Dear Mr. Crow:

"Your letter of the 18th instant relative to the proposed amicable adjustment of the Samuel A. Reinach matter is herein acknowledged with thanks.

"For reply thereto be advised that for and on behalf of Mr. Reinach I desire to accept the offer of your Company as was discussed between Mr. A. P. Woods and ourselves on the 10th instant and more fully outlined in his letter to me of the 12th instant and further treated in your letter of the 18th instant, which I understand to be as follows:

"First: That all indebtedness between Samuel A. Reinach and North America Managers, Inc. and/or North America Assurance Society of Richmond, Virginia, will have been expunged as of May 1st, 1939;

"Second: That Mr. Reinach will beginning with May 1st, 1939, receive a monthly sum of $150.00 continuing for and during his life time in consideration of the business produced by him and in the event of his death at any time prior to the expiration of five (5) years from May 1st, 1939, then the same monthly installments will be paid to his wife/widow Tillie Reinach, and/or other beneficiary for such unexpired period;

"Third: That Mr. Reinach shall not, during the period of his life time, compete with your Company in selling hospitalization insurance in the Cities of Norfolk and Portsmouth; and

"Fourth: That the proposed contract, when consummated, will be sanctioned by the Board of Directors and provide that the several considerations thereof will be binding as such upon the present Companies, assigns and successors.

"Therefore, you will please prepare the appropriate contract on the subject and in anticipation of the prompt receipt thereof, I beg to remain

"Yours very truly,

"I. Lysle Levine."

"May 23, 1939.

"I. Lysle Levine, Esq.
Attorney at Law
310 National Bank of Commerce Bldg.,
Norfolk, Virginia.

"Dear Mr. Levine:

"We acknowledge receipt of your letter of May 22nd, for which we thank you. We are now having our attorneys prepare the proper papers and these will be forwarded to you for Mr. Reinach's signature within the next several days or so.

"Very truly yours,

"E. B. Crow,

"President."

May 27 had been set as the deadline for acceptance by Reinach in a letter of May 18 from Mr. Crow, the president, to Levine. The offer was accepted on May 22, in the letter set out above.

The formal contract mentioned in the letters was to be prepared and executed. When the company sent a copy of the proposed contract to Mr. Levine he refused to have Reinach sign it because it contained new provisions which were entirely foreign to the agreement set forth in the letters. A draft of the agreement was made by Mr. Levine and transmitted to the company but it was rejected. Finally, after many letters and several interviews, Reinach instituted an action at law for the five monthly payments of $150 each, claimed to be due him under the agreement at the time the action was brought.

A jury was waived and the court rendered judgment in favor of Reinach for the amount he claimed was due.

■ If the letters set forth above constitute a valid and enforceable contract then the judgment is correct. This court has had several cases before it in which contracts by correspondence were sought to be enforced. The legal principle controlling in such cases is well settled. If the letters show that the parties are fully agreed and intend to be bound thereby, the mere fact that a later formal writing is contemplated will not vitiate the agreement.

■ Prentis, J., speaking for the court in *Manss-Owens Co.* v. *Owens & Son*, 129 Va. 183, page 195, 105 S. E. 543, 547, said: "If it appears from the evidence that the minds of the parties have met; that on the one side there was a proposition for a contract, which proposition has been accepted by the other party; that the terms were in all respects agreed upon; and that a part of the mutual understanding was that a written contract embodying those terms should thereafter be executed by the respective parties, there results an obligatory contract

which neither party is at liberty to repudiate. *Pratt* v. *Hudson River R. Co.,* 21 N. Y. [305], 309."

See also, *Agostini* v. *Consolvo,* 154 Va. 203, 153 S. E. 676, and *Sydnor, Howey & Co.* v. *Sydnor,* 172 Va. 545, 2 S. E. (2d) 309.

The agreement is sufficiently clear in all of its substantial terms. The minds of the parties met, and it is patent from the letters that they intended to be bound. The letter of May 12 constituted a valid offer. The letter of May 18 fixed the time within which acceptance was required. The letter of Levine to the company on May 22 contained an acceptance on behalf of Reinach and an enumeration of the terms as he understood them, and, finally, the letter of May 23 from the company to Levine was a complete approval and ratification of the agreement. The judgment is affirmed.

*Affirmed.*