COURT OF APPEALS OF VIRGINIA


Present:  Judges Bumgardner, Kelsey and Senior Judge Hodges


CANDACE JANE MARTIN CLATTERBUCK
                                        MEMORANDUM OPINION[*]
v.    Record No. 1745-02-3               PER CURIAM
                                        DECEMBER 10, 2002
GRANT LEWIS CLATTERBUCK


            FROM THE CIRCUIT COURT OF ROANOKE COUNTY
                     Jonathan M. Apgar, Judge

            (Barry M. Tatel; Neil E. McNally; Key,
            Tatel & McNally, on brief), for appellant.

            (Leisa K. Ciaffone, on brief), for appellee.


        Candace Jane Martin Clatterbuck (wife) appeals from a final

decree awarding her a divorce from Grant Lewis Clatterbuck

(husband).  On appeal, wife contends the trial court erred by

finding the parties were bound by a handwritten post-nuptial

agreement.  She contends the agreement is unenforceable because it

called for the execution of a formal written document, which was

not produced.  Wife asks that the trial court's judgment be

reversed.  Upon reviewing the record and briefs of the parties, we

conclude that this appeal is without merit.  Accordingly, we

summarily affirm the decision of the trial court.  See Rule 5A:27.

        On appeal, we view the evidence and all reasonable

inferences in the light most favorable to appellee as the party

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

prevailing below.  See McGuire v. McGuire, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990).

## Procedural Background

The parties married in 1980.  On January 23, 2001, wife filed a bill of complaint seeking a divorce.  On February 27, 2002, the parties engaged in a mediation session, during which they produced a handwritten post-nuptial agreement resolving the issues of spousal support and the division of marital property and debts.  Both parties signed the handwritten agreement the following day.  The agreement also states:  "Agreement to be memorialized by formal written agreement."  Husband prepared a formal written agreement but wife refused to sign it, arguing she wanted a larger sum of money from the sale of the marital residence.  She argues the handwritten document is not a binding agreement.

## Analysis

It is firmly established that when the terms of a contract are clear and unambiguous, a court is required to construe the terms according to their plain meaning.  Bridgestone/Firestone v. Prince William Square, 250 Va. 402, 407, 463 S.E.2d 661, 664 (1995).  "The guiding light . . . is the intention of the parties as expressed by them in the words they have used, and courts are bound to say that the parties intended what the written instrument plainly declares."  Magann Corp. v. Electrical Works, 203 Va. 259, 264, 123 S.E.2d 377, 381 (1962).  Thus, if the intent of the parties can be determined from the

- 2 -

language they employ in their contract, parol evidence respecting their intent is inadmissible.  Amos v. Coffey, 228 Va. 88, 91-92, 320 S.E.2d 335, 337 (1984).  "'An ambiguity exists when language admits of being understood in more than one way or refers to two or more things at the same time.'"  Id. at 92, 320 S.E.2d at 337 (quoting Renner Plumbing v. Renner, 225 Va. 508, 515, 303 S.E.2d 894, 898 (1983)).

> "It comes, therefore, to this, that where you have a proposal or agreement made in writing expressed to be subject to a formal contract being prepared, it means what it says; it is subject to and dependent upon a formal contract being prepared.  Where it is not expressly stated to be subject to a formal contract it becomes a question of construction whether the parties intended that the terms agreed on should merely be put into form, or whether they should be subject to a new agreement, the terms of which are not expressed in detail."

Golding v. Floyd, 261 Va. 190, 193, 539 S.E.2d 735, 737 (2001) (quoting Boisseau v. Fuller, 96 Va. 45, 47, 30 S.E. 457, 458 (1898)).  The parties' agreement stated only that the agreement would be "memorialized" by a formal written agreement.  The formal written document is not a condition precedent to the binding agreement.  Additionally, the agreement clearly lists two conditions precedent in unambiguous language.  The creation of a formal written agreement is not similarly listed as a condition precedent.

     "Once a competent party makes a settlement and acts affirmatively to enter into such settlement, her second thoughts

at a later time upon the wisdom of the settlement do not constitute good cause for setting it aside." Snyder-Falkinham v. Stockburger, 249 Va. 376, 385, 457 S.E.2d 36, 41 (1995) (citation omitted). Wife expressed an intention to settle the case through the agreement she reached with husband on February 27, 2001. She contemplated the agreement and did not sign it until the following day, she acknowledged in her deposition that an agreement had been reached, and she represented to the court that the case was settled and the trial date was cancelled. "If, as here, the parties are fully agreed upon the terms of the settlement and intend to be bound thereby, 'the mere fact that a later formal writing is contemplated will not vitiate the agreement.'" Id. (citation omitted). The trial court did not err by determining the parties reached a binding agreement and that the formal written document was unnecessary.

Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.[1]

Affirmed.

---

[1] The appellee's motion for leave to file attachments to the brief of appellee is hereby denied.

- 4 -