## CIRCUIT COURT OF THE CITY OF SALEM

Lewie S. Cooper

v.

Douglas L. Wertz
and Gail M. Alls

August 25, 2003

Case No. CL01-16

BY JUDGE ROBERT P. DOHERTY, JR.

Plaintiff, two Defendants, and the Defendants' insurance companies arbitrated rather than tried their personal injury dispute. The arbitrator found that only one Defendant was negligent and awarded $42,500.00. The parties now disagree as to the terms of their arbitration contract that limited the award to a minimum of $12,500.00 and a maximum of $75,000.00. Defendant Alls claims the agreement called for payment to be made on the entire arbitration award, no matter who was found to be liable, with payment based on a formula of one-third by Defendant Wertz and two-thirds by Defendant Alls. Defendant Wertz argues that it was the intent of the parties to use their formula to divide the minimum figure and any award entered jointly against both Defendants. He contends, however, that it was their intent that if only one of the Defendants was found to be negligent, then that Defendant would pay the entire amount awarded over the minimum figure. Both parties are adamant in their respective positions. Alls points to the language of the contract, and Wertz argues that, if it had been the intent of the parties to divide the award no matter who was at fault, then the issue of which of the two Defendants was negligent would not have been submitted to the arbitrator. The Court finds in favor of Defendant Alls.

When faced with a controversy such as this, the Court must first look to the written instrument. If it is clear and unambiguous and appears to be complete on its face, then the Court is required to construe the terms according to their plain meaning. The Court is also compelled to find that the parties intended what their written instrument plainly declares. If that can be determined from the language contained within the four corners of the contract, then parol evidence is not admissible to explain their intent in any other manner. *Golding v. Floyd*, 261 Va. 190, 192 (2001).

That is precisely the case here. There is no language in the contract which gives rise to the interpretation placed upon it by Defendant Wertz. His parol evidence cannot be considered. To do so would not only be contrary to settled law, but would also violate the very terms of the contract's standard modification clause that "[t]his Agreement contains the entire agreement between the parties and shall be modified or amended only by a writing properly executed by both parties." No such modification or amendment to the instrument was made. Wertz is required to pay one-third of the award in accordance with the written terms of the arbitration agreement.