**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

MARLENE LUTICIA JAMES,
            *Plaintiff-Appellee,*

v.

CIRCUIT CITY STORES, INCORPORATED,
            *Defendant-Appellant.*

No. 02-1256

KAREN MOTEN; NIKITA ATKINSON;
MARQUEL MERRIMAN; KEISHA
JOHNSON; PEGGY REDMAN; PAMELA
NICOLE BROWN; CHERYL DAVIS,
            *Plaintiffs-Appellees,*

v.

CIRCUIT CITY STORES, INCORPORATED,
            *Defendant-Appellant.*

No. 02-1257

Appeals from the United States District Court
for the Eastern District of Virginia, at Richmond.
James R. Spencer, District Judge.
(CA-98-720-3; CA-97-620-3)

Argued: October 30, 2002

Decided: June 4, 2004

Before WIDENER, WILLIAMS, and MOTZ, Circuit Judges.

Affirmed in part, reversed in part, and remanded by published opinion. Judge Williams wrote the opinion, in which Judge Widener and Judge Motz joined.

**COUNSEL**

**ARGUED:** David Neal Anthony, KAUFMAN & CANOLES, P.C., Richmond, Virginia, for Appellant. Susan Elizabeth Huhta, WASH-INGTON LAWYERS' COMMITTEE FOR CIVIL RIGHTS AND URBAN AFFAIRS, Washington, D.C., for Appellees. **ON BRIEF:** Kevin D. Holden, Susan C. North, KAUFMAN & CANOLES, P.C., Richmond, Virginia; Teri C. Miles, Assistant General Counsel, CIR-CUIT CITY STORES, INC., Richmond, Virginia; Rex Darrell Berry, DAVIS, GRIMM, PAYNE, MARRA & BERRY, Seattle, Washington, for Appellant. Lois G. Williams, Courtney E. Ingraffia, WASH-INGTON LAWYERS' COMMITTEE FOR CIVIL RIGHTS AND URBAN AFFAIRS, Washington, D.C.; James E. Sheffield, Richmond, Virginia; David J. Cynamon, Daisy Bygrave, SHAW PITT-MAN, L.L.P., Washington, D.C.; John A. Gibney, Jr., SHUFORD, RUBIN & GIBNEY, P.C., Richmond, Virginia, for Appellees.

---

**OPINION**

WILLIAMS, Circuit Judge:

We are presented in this interlocutory appeal with two issues: whether the federal four-year limitations period in 28 U.S.C.A. § 1658 applies to claims under 42 U.S.C.A. § 1981 alleging racial discrimination during the course of an employment relationship, and whether an agreement to toll the running of the applicable limitations period entered into by Circuit City Stores, Inc. applies to the claims of the plaintiffs below. Circuit City appeals from denial of its motion to dismiss based on the district court's determinations that the four-year limitations period of 28 U.S.C.A. § 1658 applies to such claims, and that the tolling agreement in question covered the plaintiffs' claims. We conclude that the district court properly determined that § 1658 applies to these claims, but that it erred in according the plaintiffs the benefit of the tolling agreement. Because we are unable to discern which of the plaintiffs' claims the district court would have found timely but for the tolling agreement, we reverse the district court's orders denying Circuit City's motions to dismiss and remand for further proceedings consistent with this opinion.

I.

On June 27, 1994, Circuit City entered into an agreement (the tolling agreement) with two law firms and certain employees of Circuit City, that tolled the statute of limitations for certain employment discrimination claims. Specifically, the tolling agreement recites that it was between

> Circuit City Stores, Inc. ("Circuit City"), Shaw, Pittman, Potts & Trowbridge ("Shaw, Pittman"), the Washington Lawyers' Committee for Civil Rights and Urban Affairs (the "Lawyers' Committee") and certain former and present employees of Circuit City who have retained Shaw, Pittman and/or the Lawyers' Committee to represent them in a potential class action against Circuit City (the individual employees, Shaw, Pittman, and the Lawyers' Committee collectively referred to as "the Plaintiffs") . . . .

(J.A. at 356.) The agreement suspended the running of "all statutes of limitations . . . applicable to the alleged class claims . . . between April 19, 1994 and the Termination Date [October 31, 1995] of this Agreement."[1] (J.A. at 357.) At the time the tolling agreement was executed, none of Appellees[2] had filed claims against Circuit City or retained either of the law firms that were parties to the agreement.

During 1997 and 1998, Appellees filed actions against Circuit City in the United States District Court for the Eastern District of Virginia alleging that Circuit City failed to promote the plaintiff because of her race, in violation of 42 U.S.C.A. § 1981. Circuit City filed motions to dismiss the cases pursuant to Federal Rule of Civil Procedure

---

[1]At the time of the tolling agreement, Shaw, Pittman and the Lawyers' Committee were investigating allegations of discriminatory employment practices at Circuit City and contemplating a class action.

[2]Karen Moten, Nikita Atkinson, Marquel Merriman, Keisha Johnson, Peggy Redman, Pamela Nicole Brown, Cheryl Davis, and Marlene Luticia James are the Appellees. All of these parties filed actions against Circuit City, which, with the sole exception of James's complaint, were eventually consolidated by the district court in an order entered December 5, 2001.

12(b)(6) asserting, inter alia, that under *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660 (1987), the proper statute of limitations for Appellees' § 1981 claims was the most analogous state statute of limitations, in this case Virginia's two-year statute of limitations for personal injury claims. *See* Va. Code Ann. § 8.01-243(a) (Michie 2000). Under that statute of limitations, Circuit City argued, all of Appellees' claims were time-barred.

The district court denied Circuit City's motions in orders entered on October 26, 2001, holding that the § 1981 claims were timely because they were governed by the four-year statute of limitations found in 28 U.S.C.A. § 1658, which applies to "civil actions arising under an Act of Congress enacted after [December 1, 1990]," 28 U.S.C.A. § 1658 (West 1994), and that the tolling agreement applied to some, if not all, of Appellees' claims. In an order entered on December 6, 2001, the district court amended its orders of October 26, to certify two issues for immediate appeal: (1) the applicable statute of limitations, and (2) the scope of a tolling agreement executed by Circuit City. *See* 28 U.S.C.A. § 1292(b) (West 1993). Circuit City thereafter moved in this court for leave to file an immediate appeal, *see* Fed. R. App. 5, and we granted the motion. We placed this case in abeyance pending the United States Supreme Court's decision in *Jones v. R.R. Donnelley & Sons Co.*, ___ S. Ct. ___, 2004 WL 936488 (May 3, 2004). As *Jones* has now been decided, we proceed to address the issues in this case.

II.

We turn first to the statute of limitations issue. The proper statute of limitations to apply to causes of action like petitioners is an issue that has divided the courts of appeal. *Compare Harris v. Allstate Ins. Co.*, 300 F.3d 1183 (10th Cir. 2002); and *Anthony v. BTR Automotive Sealing Systems, Inc.*, 339 F.3d 506, 514 (6th Cir. 2003); *with Jones v. R.R. Donnelley & Sons Co.*, 305 F.3d 717 (7th Cir. 2002), *rev'd and remanded*, ___ S. Ct. ___, 2004 WL 936488 (May 3, 2004); *Madison v. IBP, Inc.*, 257 F.3d 780 (8th Cir. 2001), *vacated on other grounds*, 122 S. Ct. 2583 (2002); and *Zubi v. AT&T Corp.*, 219 F.3d 220 (3d Cir. 2000).

As stated above, in 1987, the Supreme Court held that "[b]ecause § 1981 does not contain a statute of limitations, federal courts should

select the most appropriate or analogous state statute of limitations." *Goodman*, 482 U.S. at 660. Because "racial discrimination . . . is a fundamental injury to the individual rights of a person," the state statute applicable to personal injury claims should be borrowed. *Id.* at 661. As we have stated, the statute of limitations for personal injury claims in Virginia is two years.

In 1990, Congress enacted § 1658, which states that "except as otherwise provided by law, a civil action arising under an Act of Congress enacted after the date of the enactment of this section [December 1, 1990] may not be commenced later than four years after the cause of action accrues." 28 U.S.C.A. § 1658.[3] Section 1981 was first enacted over one hundred years ago. Had § 1981 remained unchanged since that time, or since December 1, 1990, *Goodman* would plainly still control. That is not the case, however.

At the time of the Supreme Court's decision in *Goodman*, in 1987, § 1981 read as follows:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens and shall be subject to like punishments, pains, penalties, taxes, licenses, and exactions of every kind and to no other.

---

[3]Although the language "may not be commenced later than 4 years after the cause of action accrues" in § 1658 might be interpreted as setting only an outer boundary on the limitations period for covered causes of action (and thus leaving the courts free, for instance, to continue a practice of borrowing a shorter state statute of limitations), the Supreme Court has indicated that § 1658 is to be read as establishing the applicable limitations period for the causes of action to which it applies. *See North Star Steel Co. v. Thomas*, 515 U.S. 29, 34 n.* (1995) (noting that "for statutes passed after December 1, 1990 . . . § 1658 . . . supplies a general, 4-year limitations period for any statute enacted without one of its own").

42 U.S.C.A. § 1981 (West 1990). Before 1989, courts often interpreted this language to permit actions asserting race discrimination at any point during an employment relationship. In *Patterson v. McLean Credit Union*, 491 U.S. 164 (1989), however, the Supreme Court interpreted "the right to make . . . contracts" in § 1981 to extend "only to the formation of a contract, but not to problems that may arise later from the conditions of continuing employment," and "the right . . . to enforce contracts" to extend only to "protection of a legal process and of a right of access to legal process, that will address and resolve contract-law claims without regard to race." *Id.* at 176-77. The statute did not make actionable, the Supreme Court held, "conduct by the employer after the contract relation has been established, including breach of the terms of the contract or imposition of discriminatory working conditions." *Id.* at 177. Claims such as those at issue here, alleging discrimination after the formation of the employment relationship (post-formation conduct claims), were not actionable under § 1981 after the *Patterson* decision.

Shortly thereafter, Congress passed the Civil Rights Act of 1991 (the 1991 Act). Among other changes, the 1991 Act amended § 1981 in response to *Patterson*, redesignating the original text as subsection (a), adding subsections (b) and (c), and giving each of these subsections a short title. Subsection (b), entitled " 'Make and enforce contracts' defined," effectively overrides *Patterson*, stating that, for purposes of § 1981, "the term 'make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C.A. § 1981(b) (West 1994). Thus after the enactment of the 1991 Act, claims based on conduct occurring after the formation of the contractual relationship (post-formation conduct) are actionable under § 1981. Based on this history, our sister circuits have split over whether the 4-year statute of limitations in § 1658 applies to claims made possible by the 1991 Act.

Fortunately, the Supreme Court recently addressed the question of what statute of limitations is to be applied to claims under § 1981 — that is, whether some (or all) § 1981 claims "arise[ ] under an Act of Congress enacted after [December 1, 1990]" and are thus subject to § 1658's four-year limitations period, or whether the analogous state statute of limitations applies to such claims. In *Jones v. R.R. Donnel-*

*ley & Sons Co.*, ___ S. Ct. ___, 2004 WL 936488 (May 3, 2004), the Supreme Court held that "a cause of action 'aris[es] under an Act of Congress enacted" after December 1, 1990—and therefore is governed by § 1658's 4-year statute of limitations—if the plaintiff's claim against the defendant was made possible by a post-1990 enactment." Slip Op. at 12-13. Because the claims at issue here, like the claims in *Jones*, "did not allege a violation of the pre-1990 version of § 1981 but did allege violations of the amended statute, those claims 'ar[ose] under' the amendment to § 1981 contained in the 1991 Act." Slip Op. at 14. In light of this conclusion, the four-year statute of limitations, rather than the shorter period drawn from state law, applies to the claims at issue here, and the district court did not err in applying it.

## III.

Circuit City also argues that the district court erred in determining that the tolling agreement it executed with two law firms representing potential class claimants covered Appellees, such that the limitations periods for their claims were tolled while the agreement remained in place. Virginia law governs this question of contract interpretation, *see Volt Info. Sci., Inc. v. Bd. of Trustees of Leland Stanford Univ.*, 489 U.S. 468, 474 (1989) (interpretation of private contracts is a question of state law), and our review is de novo.

The Supreme Court of Virginia has noted that "[t]he guiding light" of contract interpretation under Virginia law "is the intention of the parties as expressed by them in the words they have used, and courts are bound to say that the parties intended what the written instrument plainly declares." *Golding v. Floyd*, 539 S.E.2d 735, 737 (Va. 2001) (quoting *Magann Corp. v. Electrical Works*, 123 S.E.2d 377, 381 (Va. 1962)). Accordingly, we examine the text of the tolling agreement to determine whether the parties intended to cover the claims in question.

First, as Circuit City argues, Appellees do not fall within the descriptions of the parties to the agreement itself. The agreement states that it is between Circuit City, Shaw, Pittman, the Lawyers' Committee, and "certain former and present employees of Circuit City who have retained Shaw, Pittman and/or the Lawyers' Commit-

tee to represent them in a potential class action against Circuit City." (J.A. at 357.) As Appellees concede, they had not retained Shaw, Pittman or the Lawyers' Committee to represent them at the time of the tolling agreement, and therefore are not properly described as parties to the agreement.

Appellees argue that they are nevertheless entitled to the benefit of the agreement because it states that it tolls the limitations period as to "the alleged class claims." (J.A. at 356.) Their claims, they assert, are the kind of claims against Circuit City contemplated by the parties to the tolling agreement, who entered the agreement in the expectation that a class action might subsequently be filed. Although the terms of the agreement are not entirely clear, we conclude that the most natural reading of "alleged class claims" is claims that would fall within the class contemplated by the parties and that had been alleged as of the time of the agreement. Thus, to the extent former or present employees of Circuit City had filed complaints against Circuit City, or otherwise raised their claims at the time of the tolling agreement, those claims might well be covered by the tolling agreement even though such claimants had not retained Shaw, Pittman or the Lawyers' Committee to represent them. Appellees, however, had not raised their claims of discrimination at any time before the tolling agreement was executed or prior to its termination. Accordingly, we conclude that they are not entitled to its benefit.[4]

IV.

We conclude that the district court correctly applied the federal four-year statute of limitations to Appellees' claims here. In according the benefit of the tolling agreement to those plaintiffs, however, the district court erred. For the reasons stated above, the order of the district court is reversed in part and remanded for proceedings consistent with this opinion.

---

[4]The district court found each of Appellees' claims timely based on the four-year statute of limitations and giving them the benefit of the tolling agreement, but did not determine precisely the dates on which each of Appellees' claims accrued. Because we cannot discern which of the claims the district court would have found timely but for the tolling agreement, we remand for that determination.

*AFFIRMED IN PART, REVERSED IN PART, AND REMANDED*