**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-1552**

FENYANG AJAMU STEWART,

       Plaintiff - Appellant,

      v.

THE UNIVERSITY OF NORTH CAROLINA SYSTEM; NORTH CAROLINA
AGRICULTURAL & TECHNICAL STATE UNIVERSITY; NATIONAL
INSTITUTE OF AEROSPACE ASSOCIATES, INC.; WILLIAM EDMONSON,
NIA Distinguished Langley Professor, Full Professor, North
Carolina A&T State University; JOHN KELLY, Chairman;
ELECTRIC AND COMPUTER ENGINEERING DEPARTMENT, NORTH CAROLINA
A&T STATE UNIVERSITY; CATHY HOPKINS, Human Resources
Director, National Institute of Aerospace,

       Defendants - Appellees.

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.    Anthony J. Trenga,
District Judge. (1:15-cv-01487-AJT-JFA)

Submitted: November 29, 2016      Decided: December 12, 2016

Before WYNN, FLOYD, and THACKER, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished
per curiam opinion.

Fenyang Ajamu Stewart, Appellant Pro Se.   Matthew Thomas
Tulchin, NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North

Carolina; Eve Grandis Campbell, O'HAGAN MEYER PLLC, Richmond, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Fenyang Ajamu Stewart appeals the district court's order dismissing his civil rights complaint and its orders denying his motions for reconsideration. Stewart's complaint alleged claims against two groups of defendants — the National Institute of Aerospace Associates, Inc. ("NIA") and Cathy Hopkins, NIA's Director of Human Resources (collectively, "NIA defendants"), and the University of North Carolina System, North Carolina Agricultural & Technical State University ("NC A&T"), William Edmonson, and John Kelly (collectively, "North Carolina defendants"). We vacate the district court's order dismissing Counts 2 through 4 of Stewart's amended complaint as to the NIA defendants, affirm the district court's orders in all other respects, and remand for further proceedings.

The district court concluded that Stewart's claims against the North Carolina defendants were barred by Eleventh Amendment immunity. We review de novo a district court's dismissal of an action under the Eleventh Amendment. Hutto v. S.C. Ret. Sys., 773 F.3d 536, 542 (4th Cir. 2014). Stewart concedes that the Supreme Court has found that such claims are barred by the Eleventh Amendment. See Quern v. Jordan, 440 U.S. 332, 341 (1979). While Stewart contends that the Supreme Court erred in so ruling, we are bound to follow Supreme Court precedent. Stop Reckless Econ. Instability Caused by Democrats v. Fed. Election

3

Comm'n, 814 F.3d 221, 230-31 (4th Cir.), cert. denied, ___ S. Ct. ____, No. 16-109, 2016 WL 4001325 (U.S. Oct. 31, 2016). Accordingly, we affirm the portions of the district court's order dismissing the North Carolina defendants, as well as the district court's orders denying Stewart's motions for reconsideration.

We review de novo a district court's dismissal of a complaint under Fed. R. Civ. P. 12(b)(6), accepting factual allegations in the complaint as true and "draw[ing] all reasonable inferences in favor of the [nonmoving party]." Kensington Volunteer Fire Dep't v. Montgomery Cty., 684 F.3d 462, 467 (4th Cir. 2012) (internal quotation marks omitted). To survive a motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level" and sufficient "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). A court may dismiss on the grounds of a statute of limitations defense if the necessary facts "clearly appear on the face of the complaint." Waugh Chapel S., LLC v. United Food & Commercial Workers Union Local 27, 728 F.3d 354, 360 (4th Cir. 2013) (emphasis and internal quotation marks omitted).

Stewart contends that the district court erred in dismissing Counts 2 and 3 of the amended complaint, asserting

4

claims under 42 U.S.C. § 1981 (2012) against the NIA defendants, because the federal four-year statute of limitations applies. We agree. Generally, § 1981 claims are governed by the most analogous state statute of limitations. James v. Circuit City Stores, Inc., 370 F.3d 417, 420 (4th Cir. 2004). The district court applied this general rule and found Virginia's two-year statute of limitations applicable. See Va. Code Ann. § 8.01-243(A) (2015). However, if a claim is based on § 1981(b), which covers "claims based on conduct occurring after the formation of the contractual relationship," then the federal four-year statute of limitations applies. James, 370 F.3d at 421.

We conclude that Stewart's claims in Counts 2 and 3 are based on postformation conduct, and thus the four-year statute of limitations applies. See Buntin v. City of Boston, 813 F.3d 401, 405 (1st Cir. 2015) (applying four-year statute of limitations to retaliation claim under § 1981); White v. BFI Waste Servs., LLC, 375 F.3d 288, 292 (4th Cir. 2004) (holding that hostile work environment claims are subject to four-year statute of limitations). Because these claims concern events that occurred in 2012 and Stewart filed his complaint in October 2015, we conclude that the district court erred in dismissing these claims as time-barred.

Stewart next contends that the district court erred in dismissing Count 4 of the amended complaint, which he alleges

was brought under § 1981(b), and not under Virginia law as the district court concluded. We agree. Count 4 of Stewart's claim cited § 1981 and alleged that the NIA defendants did not pay him an adequate stipend and removed him from his doctoral program on the basis of his race. We conclude that the district court should have analyzed the claim under § 1981 and not Virginia law. Thus, we vacate the district court's order dismissing Count 4 against the NIA defendants, and remand for further consideration of this claim.

Finally, Stewart contends that the district court erred in dismissing his claim under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961 to 1968 (2012). We conclude that the district court correctly dismissed this claim, as Stewart's allegations of racial discrimination do not constitute a predicate act of racketeering under RICO. US Airline Pilots Ass'n v. Awappa, LLC, 615 F.3d 312, 317 (4th Cir. 2010) ("To state a civil RICO claim, a plaintiff must allege that the defendants engaged in, or conspired to engage in, a pattern of racketeering activity." (internal quotation marks omitted); see 18 U.S.C. § 1961(1) (defining racketeering activity).

Accordingly, we affirm the district court's orders, with the exception of the court's disposition of Counts 2 through 4 of Stewart's amended complaint against the NIA defendants. As

6

to those claims, we vacate the district court's dismissal and remand for further proceedings. We further deny Stewart's motion to appoint counsel and to participate in oral argument. By this opinion, we express no view on the merits of Stewart's claims against the NIA defendants. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED
