## CIRCUIT COURT OF THE CITY OF ROANOKE

Dale Crabtree, Jr.

v.

Norfolk Southern Ry. et al.

November 12, 2003

Case No. CL00-1198

By Judge Charles N. Dorsey

The only remaining issue is whether Norfolk Southern is entitled to reasonable attorney's fees and expenses pursuant to a contractual indemnification provision and, if so, whether the attorney's fees tendered in this matter are reasonable.

*Facts*

The plaintiff was injured while staying on the premises of Salem's Super 8 Motels, Inc. ("Super") while employed by Norfolk Southern Railway Company ("Norfolk Southern"). The plaintiff was staying at Super pursuant to a contract entered into between Norfolk Southern and Super in which Super provided overnight accommodations to members of train crews as authorized by Norfolk Southern.[1] The claim of the plaintiff has been settled by payment solely from Super with all defendants being dismissed with prejudice. Under the pertinent provision of paragraph J of the contract between Norfolk Southern and Super:

> [Super] agrees to indemnify and hold harmless ... [Norfolk Southern] from *all liability* for the injury or death of [Norfolk Southern's] employees while on [Super's] premises or in [Super's] charge.

(Emphasis added.)

---

[1] There was a broker involved in the transaction as well, but to prevent confusion, the broker is not mentioned, as it has no affect on the analysis. Similarly, companies in addition to Norfolk Southern were also involved but are also not mentioned, as they have no affect on the analysis.

Pursuant to that provision, Norfolk Southern alleges that Super must indemnify Norfolk Southern for its attorney's fees and expenses incurred in the defense of this suit, which allegation Super denies. Super relies on paragraph H of the contract in question, which states:

> [Super] indemnifies and holds MSI [broker] harmless from *any liabilities, charges, or attorney's fees* incurred by [Super] or incurred in collection of amounts due from companies.

(Emphasis added.)

## Analysis

Super and Norfolk Southern agree that the general rule for recovery of attorney's fees and costs in indemnity cases is that "the indemnitee may recover reasonable attorney's fees and expenses of litigation spent in defense of the claim indemnified against." *Southern Ry. v. Arlen Reality & Dev. Corp.*, 220 Va. 291, 296, 257 S.E.2d 841, 844 (1979). *See also Appalachian Power Co. v. Sanders*, 232 Va. 189, 349 S.E.2d 101 (1986). Super maintains that it could be found responsible if the contract did not explicitly limit Norfolk Southern's recovery. Super believes that the "liability" referred to in paragraph J was previously defined and restricted in paragraph H by the phrase "any liabilities, charges, or attorney's fees." Super maintains that "charges" and "attorney's fees" were mentioned as separate items because the parties did not understand "any liabilities" to otherwise include those two terms.

Norfolk Southern, conversely, maintains that paragraph J's language should not be defined nor restricted by paragraph H. Under this view, "all liability" in paragraph J includes reasonable attorney's fees and expenses because there is no explicit provision otherwise.

This issue is resolved by the case of *American Spirit Ins. Co. v. Owens*, 261 Va. 270, 541 S.E.2d 553 (2001), cited by Norfolk Southern. In *American Spirit*, the central issue was whether an indemnitor insurance agent, Owens, was liable for attorney and litigation fees that the insurance company incurred in the investigation and defense of a claim made pursuant to a policy that Owens improperly issued. There, as here, the use of "liability" in two provisions within one contract gave rise to a dispute. The contract in *American Spirit* provided:

> (4) [Owens] shall indemnify and hold harmless [American Spirit] against any liabilities [American Spirit] may incur as a result of any

act of [Owens] in violation of this agreement. ... (5) [Owens] shall also reimburse [American Spirit] *for any legal or other expenses reasonably incurred* [by American Spirit] *in connection with investigating any such liabilities.*

*Id.* at 273, 541 S.E.2d at 554 (emphasis added).

Owens argued that reference to "legal or other expenses" excluded by implication those expenses from the term "any liabilities" in the preceding paragraph. In ruling against Owens, the court held that paragraph five expressly related only to the expenses incurred in investigating liabilities. Norfolk Southern notes that, by its express terms, paragraph H relates only to expenses incurred in collection of unpaid accounts.[2] Paragraph J, on the other hand, relates to personal injury liability.

Super urges that the statutory construction rule of *expressio unius est exclusio alterius* applies. That rule holds that "the mention of a specific item in a statute implies that other omitted items were not intended to be included within the scope of the statute." *E. I. du Pont de Nemours & Co. v. Eggleston,* 264 Va. 13, 18, 563 S.E.2d 685, 687 (2002).

As in *American Spirit,* regardless of how a term was used in one paragraph, differing usage may occur when there is another discrete provision dealing with different subject matter. The subject matter of the two cited sections of the contract in this case is completely different. Paragraph H deals with the collection of unpaid hotel bills and the small fees to collect such amounts, while paragraph J deals with liability for injury or death and the extensive costs behind litigating such matters.

To ignore the difference between these sections would be to treat their differences as meaningless. It is presumed that parties do not use their words aimlessly. The reasonable meaning and arrangement of the two paragraphs should consequently be preserved. *Winn v. Aleda Constr. Co.,* 227 Va. 304, 307, 315 S.E.2d 193, 195 (1984). The contract here plainly declares paragraphs H and J are to be read as discrete provisions with distinct terms. Upholding the intent expressed in this unambiguous writing, I consequently find that Super must indemnify Norfolk Southern its reasonable attorney's fees

---

[2] Paragraph H also pertains to Super's indemnification of the broker, not Norfolk Southern, for expenses incurred in collecting any unpaid accounts from Norfolk Southern or other employers for whom Super provided lodging services.

and costs. In the event that counsel cannot agree on whether the fees sought are reasonable, I ask that a telephone conference call be scheduled at your earliest convenience to take up that matter.