222

# CIRCUIT COURT OF FAIRFAX COUNTY

James A. Foster et al.

v.

Ralph J. Edwards, Jr., et al.

November 3, 2006

Case No. CL-2006-10439

BY JUDGE MICHAEL P. MCWEENY

This case came before the Court on October 27, 2006, upon the Defendants' Plea in Bar. Argument was presented on the pleadings and the law, and the Court took the ruling under advisement. Having now reviewed the documents, pleadings, and argument, the Court denies the Plea in Bar.

*Facts*

The present case arises from a judgment in the sum of $172,497.21 against Ralph J. Edwards, Jr., Patricia B. Edwards, Gail Stepp, and Marie Stepp for attorney's fees and expenses incurred by the Plaintiffs herein in the case of *Stepp v. Foster*. The Final Decree in that earlier case was entered on November 23, 1998. The Stepps chose to appeal the decision, while the Edwards chose to enter into a "Forbearance Agreement" dated April 22, 1999, which limited their liability under the aforesaid judgment, after payment of consideration of $90,000.00, as follows:

> 1. In the event the Final Decree is affirmed by the Virginia Supreme Court and the Stepps' appeal is dismissed, the Trustees agree that they will release the Edwards from any

further liability under the Final Decree and will look solely to the Stepps to collect the remainder of their judgment and any further relief or award of attorney's fees and expenses.

2. In the event the Final Decree is not affirmed and the Stepps prevail in their appeal, the Trustees agree to limit any further liability of the Edwards under the Judgment to an additional Ninety Thousand Dollars ($90,000.00). Upon the occurrence of such an event, the agreement of the Trustees to forebear execution and process in aid thereof against the Edwards shall be deemed to be terminated.

On January 14, 2000, the Virginia Supreme Court issued its decision in which it "affirmed in part, reversed and modified in part, and [granted] final judgment." *Stepp v. Foster*, 259 Va. 210, 219, 524 S.E.2d 866 (2000). The Court found no error on most of the proposed assignments of error, including the computation of the amount of the assessment of attorney's fees and expenses; however, it disagreed both with the Chancellor's finding below that there was no source within the trust to pay the Trustees and the Chancellor's determination that judgment should be rendered against the Stepps for that assessment of attorney's fees and expenses.

*Issue*

The sole question before the Court is whether the decision of the Virginia Supreme Court, standing alone, results in a bar to the Plaintiffs' pursuit of additional recovery from the Edwards under the terms of the Forbearance Agreement.

*Analysis*

The Edwards argue that, pursuant to paragraph 5, the Agreement would terminate only if the Final Decree was not affirmed and the Stepps prevailed in their appeal. As neither occurred, the Agreement stands as a bar to pursuit either of the original judgment or the $90,000.00. The Plaintiffs responds that, by paragraph 3, forbearance ends with "the conclusion of the appeal" and that the Plaintiffs' remedies thereafter are controlled by paragraphs 4 and 5 (set forth above). Accordingly, by paragraph 4, they are barred from all further recovery only if the Final Decree is affirmed and the appeal is dismissed, and, by paragraph 5, they are barred from recovery of the additional $90,000.00 only if the Final Decree is not affirmed and the Stepps prevail. Thus, since the

underlying decision was affirmed in part and reversed in part and neither scenario came to pass, a reasonable interpretation is that they may pursue the original judgment without limitation. That having been said, the Plaintiffs assert that to "prevail in their appeal" means that the Stepps must have avoided the personal liability of the judgment and, for the purpose of this argument, concede that they have done so, thereby fulfilling the two requirements of paragraph 5.

In order to grant a Plea in Bar, it is necessary to find that the party asserting the plea has proven a single set of facts or circumstances which constitutes an absolute defense to the claim. *Nelms v. Nelms*, 236 Va. 281, 374 S.E.2d 4 (1988). Here, the Edwards rely solely upon the meaning of the language of paragraph 5 of the Forbearance Agreement. Interpretation of an agreement begins with the plain meaning of the language used. *Bridgestone/Firestone v. Prince William Square Assocs.*, 250 Va. 402, 463 S.E.2d 661 (1995). In addition, the agreement must be interpreted as a whole. *American Spirit Ins. Co. v. Owens*, 261 Va. 270, 541 S.E.2d 553 (2001).

There is no question that the terms "affirmed" and "prevail" are terms of art in the legal community and both are subject to definition in *Black's Law Dictionary*. Yet, in the context of the agreement as a whole, their meanings become less clear. The Forbearance Agreement relates to the obligation of the Edwards to pay attorney's fees and expenses, but it sets as a condition precedent to determination of the extent of that obligation the result of the appeal on multiple issues by the Stepps. In its decision, the Virginia Supreme Court noted "[t]he parties concentrated the majority of their argument on brief and the entirety of their oral argument on the issue whether an award of attorney's fees and expenses could be made against an unsuccessful beneficiary/litigant personally." *Stepp v. Foster*, 259 Va. 210, 216, 524 S.E.2d 866 (2000). Despite that notation, the Court was required to decide other issues raised in the Stepps' appeal including the requirement for unanimous acts by trustees, whether Foster and Lear had breached their fiduciary duties, and whether the Chancellor had erred in failing to order an accounting. *Id.*, 211. Had the Virginia Supreme Court ruled in favor of or against the Stepps on all issues raised, the meaning of the terms never would have been called into question.

In applying the finding of the Virginia Supreme Court of "affirmed in part, reversed in part," this Court is required to determine whether the language of paragraphs 4 and 5 was intended to be limited to the single issue of attorney's fees and expenses. The agreement can be read in more than one way: (1) that the entire Final Decree must be affirmed or reversed and that the Stepps must prevail or have the appeal dismissed as to all issues, or (2) that

the Stepps are required to prevail or fail only on the issue of attorney's fees and expenses, the issue discussed in the "Whereas" clauses of the agreement. Accordingly, the Court finds the language to be ambiguous. (See *Eure v. Norfolk Shipbuilding & Drydock Corp.*, 263 Va. 624, 561 S.E.2d 663 (2002).) When the language of an agreement is ambiguous, parol evidence is admissible to determine the real contract between the parties. *Tuomala v. Regent Univ.*, 252 Va. 368, 374, 477 S.E.2d 501 (1996). No extrinsic evidence was offered to resolve the ambiguity of the intent of the language, and, therefore, the Edwards have failed in their burden of proof and the Plea in Bar must be denied.

## Conclusion

It must be noted that this ruling is interlocutory in nature and in no way prohibits the Edwards from presenting evidence at trial on the meaning of the phrases to allow the trier of fact to determine what liability, if any, remains.