COURT OF APPEALS OF VIRGINIA


Present:   Judges Benton, Haley and Senior Judge Coleman


TWILA EILEEN MARTIN

MEMORANDUM OPINION[*]

v.      Record No. 1577-06-3                      PER CURIAM
                                                  DECEMBER 12, 2006
MORRIS DEAN MARTIN, JR.


FROM THE CIRCUIT COURT OF BOTETOURT COUNTY
Michael S. Irvine, Judge

(William L. Heartwell, III, on brief), for appellant.

(Michael B. Massey; Spigle, Roe, Massey & Clay, P.C., on brief),
for appellee.


Twila Eileen Martin appeals from a final decree granting Morris Dean Martin, Jr., her

husband, a divorce.  Wife contends 1) the parties' separation agreement was unconscionable, 2) this

Court is not bound by the trial court's factual findings, and 3) the agreement, if valid, should "be

construed to ascertain the intention of the parties with respect to the real estate."  Husband seeks

attorney's fees incurred in conjunction with this appeal.  Upon reviewing the record and briefs, we

conclude that this appeal is without merit.  Accordingly, we summarily affirm the decision of the

trial court.  See Rule 5A:27.

BACKGROUND

On appeal, we view the evidence and all reasonable inferences in the light most favorable

to appellee as the party prevailing below.  See McGuire v. McGuire, 10 Va. App. 248, 250, 391

S.E.2d 344, 346 (1990).  So viewed, the evidence proved the parties married on November 18,

1983 and separated on March 31, 2004.  On April 28, 2004, wife signed a separation and

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

property settlement agreement drafted by husband's counsel. Wife conceded at trial that she signed the agreement voluntarily.

The agreement grants husband sole possession of the marital residence and responsibility for the outstanding mortgage on the property. Husband also assumed responsibility for $8,300 of marital debt. Two of the parties' marital vehicles were awarded to husband, and wife received the third vehicle. The parties retained personal property in the possession of each party. Each party waived any interest in the other's pension.

At trial, wife presented no evidence regarding the value of the marital residence or any other marital property. The agreement contains no valuations. Wife testified there was equity in the marital residence, but she did not prove the amount of the equity or the outstanding mortgage.

ANALYSIS

I.

"[M]arital property settlements entered into by competent parties upon valid consideration for lawful purposes are favored in the law and such will be enforced unless their illegality is clear and certain." Cooley v. Cooley, 220 Va. 749, 752, 263 S.E.2d 49, 52 (1980) (citation omitted); Derby v. Derby, 8 Va. App. 19, 25, 378 S.E.2d 74, 77 (1989). Therefore, in this case, wife "had the burden at trial to prove by clear and convincing evidence the grounds alleged to void or rescind the agreement." Drewry v. Drewry, 8 Va. App. 460, 463, 383 S.E.2d 12, 12 (1989).

Wife contends the trial court should have set aside the agreement as unconscionable. Wife asserts the distribution of assets as outlined in the agreement is grossly disproportionate as husband received "all of the marital property with the exception of the Chrysler Cirrus which wife would share with" the parties' son.

- 2 -

> [U]nconscionability is more concerned with the intrinsic fairness of the terms of the agreement in relation to all attendant circumstances, including the relationship and duties between the parties. A party may be free of fraud but guilty of overreaching or oppressive conduct in securing an agreement which is so patently unfair that courts of equity may refuse to enforce it.

Derby, 8 Va. App. at 28, 378 S.E.2d at 78. However, "[c]ourts cannot relieve one of the consequences of a contract merely because it was unwise." Owens v. Owens, 196 Va. 966, 974, 86 S.E.2d 181, 186 (1955).

The agreement provides that each party will retain his or her own retirement benefits and his or her own personal property. Although wife asserts she has no retirement funds, she presented no evidence to support this contention. She also failed to prove the value of husband's retirement account, the value of the residence, the amount of the mortgage on the property, or the value of the parties' personal property. In short, the wife merely alleges a "disparity in value exchanged."

> The wife's evidence of a probable disparity in the values of the parties' [property] was insufficient to prove by clear and convincing evidence a "gross disparity" in the entire values exchanged under the Agreement.

Allocca v. Allocca, 23 Va. App. 571, 579, 478 S.E.2d 702, 706 (1996). "Absent evidence of 'gross disparity in value exchanged' there exists no basis to claim unconscionability; thus in this context consideration whether one party was guilty of overreaching and the other susceptible thereto is unnecessary." Drewry, 8 Va. App. at 473, 383 S.E.2d at 18.

We find no error in the trial court's determination that wife failed to demonstrate the agreement was unconscionable.

## II.

Wife frames her second question presented merely as an assertion that this Court "is not bound by the trial court's factual findings." In her argument in support of this question, wife

appears to contend the trial court improperly "disregarded the uncontradicted testimony" she presented.

As noted above, wife failed to present any evidence regarding the valuation of the various property mentioned in the agreement. The evidence wife presented, even if uncontradicted, simply did not demonstrate a gross disparity. Instead, the testimony she references pertained to the circumstances surrounding the negotiation and execution of the parties' agreement. We find no error in the court's factual findings.

III.

In pertinent part, paragraph four of the parties' agreement provides: "The Husband shall have exclusive right and possession of the marital property and all equity therein. The Husband shall be solely responsible for the mortgage and shall refinance or otherwise have the Wife's name removed from the property within ninety (90) days of the signing of this Agreement." Wife contends this "provision means that husband is to have possession only and that in exchange for his right of possession, he is to refinance or taken [sic] her off of the note which underlies the deed of trust."

The trial court concluded the provision unambiguously grants husband not only possession of the property, but also "exclusive right" and "all the equity therein."

> Contracts are construed as written, without adding terms that were not included by the parties. Wilson [v. Holyfield], 227 Va. [184,] 187, 313 S.E.2d [396,] 398 [(1984)]. Where the terms in a contract are clear and unambiguous, the contract is construed according to its plain meaning. Bridgestone/Firestone v. Prince William Square Assocs., 250 Va. 402, 407, 463 S.E.2d 661, 664 (1995); Ross v. Craw, 231 Va. 206, 212, 343 S.E.2d 312, 316 (1986). A contract is not ambiguous merely because the parties disagree as to the meaning of the terms used. Id. at 212-13, 343 S.E.2d at 316. Furthermore, contracts must be considered as a whole "without giving emphasis to isolated terms." American

> Spirit Ins. Co. v. Owens, 261 Va. 270, 275, 541 S.E.2d 553, 555
> (2001).

TM Delmarva Power v. NCP of Virginia, 263 Va. 116, 119, 557 S.E.2d 199, 200 (2002).

We are not bound by the trial court's conclusions as to the construction of disputed provisions in an agreement. Utsch v. Utsch, 266 Va. 124, 129, 581 S.E.2d 507, 509 (2003). Therefore, "[w]e review the terms of an agreement *de novo*." Shenk v. Shenk, 39 Va. App. 161, 173, 571 S.E.2d 896, 903 (2002).

> "The question for the court is what did the parties agree to as
> evidenced by their contract. The guiding light in the construction
> of a contract is the intention of the parties as expressed by them in
> the words they have used, and courts are bound to say that the
> parties intended what the written instrument plainly declares."

Wilson, 227 Va. at 187, 313 S.E.2d at 398 (quoting Meade v. Wallen, 226 Va. 465, 467, 311 S.E.2d 103, 104 (1984)).

"In reviewing the agreement, we must gather the intent of the parties and the meaning of the language . . . from an examination of the entire instrument, giving full effect to the words the parties actually used." Layne v. Henderson, 232 Va. 332, 337-38, 351 S.E.2d 18, 22 (1986). The construing court "must give effect to all of the language of [the instrument] if its parts can be read together without conflict." Berry v. Klinger, 225 Va. 201, 208, 300 S.E.2d 792, 796 (1983).

In this case, the agreement clearly provides husband with "exclusive right *and* possession of the marital property *and* all equity therein." (Emphasis added.) Wife's interpretation of the provision is strained, at best. Her reading of the provision ignores the language giving husband "right" and "all equity" in addition to mere possession. We hold that the terms of the contract do not support wife's interpretation. The trial court's construction of the contract was correct.

IV.

Husband requests attorney's fees for matters relating to this appeal.

> The rationale for the appellate court being the proper forum to determine the propriety of an award of attorney's fees for efforts expended on appeal is clear. The appellate court has the opportunity to view the record in its entirety and determine whether the appeal is frivolous or whether other reasons exist for requiring additional payment.

O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). In this context, and upon consideration of the entire record in this case, we hold that the appeal is frivolous and that husband is entitled to attorney's fees in the matter. We, therefore, remand to the trial court to fix reasonable attorney's fees.

Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

Affirmed and remanded.