Present:  Hassell, C.J., Koontz, Kinser, Lemons, and Agee,
JJ., and Russell and Lacy[1], S.JJ.

CRAIG K. HERON, JR., ET AL.                    OPINION BY
                                       SENIOR JUSTICE CHARLES S. RUSSELL
v.  Record No. 061813                    September 14, 2007

TRANSPORTATION CASUALTY INSURANCE COMPANY

             FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                      Lydia Calvert Taylor, Judge

     The Federal Motor Carrier Act of 1980, Pub. L. 96-296, 94
Stat. 793 (1980), requires entities registered as interstate
motor carriers with the Federal Motor Carrier Safety
Administration (FMCSA) to maintain liability insurance for the
protection of the public.  94 Stat. at 820-32.[2]  The requisite
insurance is provided by a federally-mandated form called an
"MCS-90" endorsement, and is a required part of any policy of
insurance maintained by a registered interstate motor carrier.
This appeal presents the question whether MCS-90 coverage
extends to judgments recovered against a registered interstate
motor carrier arising from negligence in the operation of a
vehicle engaged in a purely intrastate haul.

---

[1] Justice Lacy participated in the hearing and decision of
this case prior to the effective date of her retirement on
August 16, 2007.

[2] The codification of these provisions is currently found
in 49 U.S.C. §§ 13906, 31138 and 31139 (2000 & Supp. IV 2004).
Federal regulations implementing the requirements of the
statutes and setting forth the text of the required
endorsement may be found in 49 C.F.R. at §§ 387.1 et seq.,
particularly §§ 387.7, 387.9, and 387.15 (2006).

The essential facts are stipulated. ER Transport Services, Inc. (ER) is a Florida corporation with its principal place of business in Miami, Florida. ER was registered with the FMCSA as an interstate motor carrier and its vehicle bore its motor carrier number (formerly called an ICC number) at the time of the events in question. ER obtained an insurance policy with Transportation Casualty Insurance Company (TCI) through an insurance broker in Florida, disclosing that ER was engaged in operations in various states, and furnishing its motor carrier number so that the policy would conform to FMCSA requirements. The policy, issued on February 3, 2004, contained the MCS-90 endorsement, which reads in pertinent part:

> In consideration of the premium stated in the policy to which this endorsement is attached, the insurer (the company) agrees to pay, within the limits of liability described herein, any final judgment recovered against the insured for public liability resulting from negligence in the operation, maintenance or use of motor vehicles subject to the financial responsibility requirements of Sections 29 and 30 of the Motor Carrier Act of 1980 regardless of whether or not each motor vehicle is specifically described in the policy and whether or not such negligence occurs on any route or in any territory authorized to be served by the insured or elsewhere.

Fifty percent of ER's business consisted of hauling mulch resulting from tree removal, as well as other debris caused by hurricane damage. On February 23, 2004, ER's employee, Arturo

M. Rosello, who had traveled from Florida to Virginia the previous day, was driving a tractor-trailer owned by ER in the City of Virginia Beach. Rosello's destination was nearby Chesapeake, Virginia, where the vehicle was to be measured to haul mulch. The mulch, in turn, was to be delivered to Suffolk, Virginia. While driving on Interstate 64 in Virginia Beach, Rosello's tractor-trailer collided with an automobile operated by Craig K. Heron. Craig K. Heron and Alma P. Heron were killed and their daughter, Cassandra S. Heron, suffered serious and permanent injuries.

TCI brought a motion for declaratory judgment in the circuit court against the estates of Craig and Alma Heron and the guardian of Cassandra Heron, seeking a judicial determination that the insurance policy issued by TCI to ER provided no coverage for the accident and that TCI had no obligation to pay any judgment that might be rendered as a result of it. After hearing the case on stipulated facts, exhibits and depositions, the court ruled that the MCS-90 endorsement only applies to accidents that occur in the course of transportation in interstate commerce. The accident in question here, the court reasoned, occurred while the driver of the tractor-trailer was engaged in an activity that was exclusively intrastate, and therefore the MCS-90 coverage was

not available.[3]  The Court entered a final declaratory judgment

order consistent with that ruling and we awarded an appeal to

the guardian and the personal representatives of the Herons.

### Analysis

Because this appeal turns entirely upon a question of

law, we review the circuit court's decision de novo.  PMA

Capital Ins. Co. v. US Airways, Inc., 271 Va. 352, 357-58, 626

S.E.2d 369, 372 (2006).  The language of the MCS-90

endorsement has been interpreted and applied by several courts

which have reached differing conclusions.[4]  The circuit court

analyzed those authorities and concluded that the language of

the endorsement should be interpreted in the light of the

federal statutes and regulations that engendered its use.

---

[3] Because Rosello had a bad driving record, the policy explicitly excluded him as a covered driver.  The parties stipulate that the policy affords no coverage for the accident unless coverage is provided by the MCS-90 endorsement.

[4] See, e.g., Century Indem. Co. v. Carlson, 133 F.3d 591, 594 (8th Cir. 1998) (MCS-90 applies only to motor carriers engaged in interstate commerce); Reliance Nat'l Ins. Co. v. Royal Indem. Co, No. 99 Civ. 10920 (NRB), 2001 U.S. Dist. LEXIS 12901, at *15-21 (S.D.N.Y. Aug. 24, 2001) (when a shipper enters into a lease for a vehicle with the clear intent of using it for interstate shipping services, MCS-90 applies to a single intrastate use of such vehicle); Royal Indem. Co. v. Jacobsen, 863 F. Supp. 1537, 1540-42 (D. Utah 1994) (MCS-90 applies to the transport of commodities, even when such commodities are exempt from the ICC's jurisdiction); Branson v. MGA Ins. Co., 673 So.2d 89, 91 (Fla. Dist. Ct. App. 1996) (MCS-90 does not apply to wholly intrastate hauls); Thompson v. Harco Nat'l Ins. Co., 120 S.W.3d 511, 514-16 (Tex. App. 2003) (MCS-90 does not apply to solely intrastate transport).

Thus, the court reasoned, the MCS-90 coverage applies only in accordance with the mandates of §§ 29 and 30 of the Motor Carrier Act of 1980, which only require coverage when a vehicle transports property in interstate commerce. The court concluded that "the coverage provided by the MCS-90 form is limited to interstate commerce, as contemplated by 49 C.F.R. §387.3."

With deference to the authorities that have reached a different result, our analysis is less complex. Regardless of the forces that have motivated the insurance industry to adopt the language of the MCS-90 endorsement, the question presented to us is a simple one of interpreting the plain language of a written contract. The MCS-90 is a part of a contract between insurer and insured. In Magann Equipment v. Buffkin, 238 Va. 712, 385 S.E.2d 619 (1989), we considered the language of the MCS-90 endorsement in a different context, determining which of two insurance policies provided primary, rather than secondary, coverage. Although we found the language unclear as to its effect on the rest of the policy, we found the language of the MCS-90 endorsement, within its four corners, to be clear and unambiguous. Id. at 720, 385 S.E.2d at 623. We held that the endorsement must be construed by first looking to its language. Id. at 718, 385 S.E.2d at 622. In the present case, the parties agree that the rest of the

policy has no application.  Thus, the answer to the question presented on appeal lies entirely within the four corners of the MCS-90 endorsement.

Written contracts are construed as written, without adding terms that were not included by the parties.  When the terms in a contract are plain and unambiguous, the contract is construed according to its plain meaning.  The words that the parties used are normally given their usual, ordinary and popular meaning.  No word or clause in a contract will be treated as meaningless if a reasonable meaning can be given to it, and there is a presumption that the parties have not used words needlessly.  PMA Capital Ins. Co., 271 Va. at 358, 626 S.E.2d at 372-73.

We adhere to the view we adopted in Magann:  The language of the MCS-90 endorsement, insofar as it sets forth the coverage therein provided, is clear, plain and unambiguous. In consideration of the premium, the insurer agrees to pay "any final judgment recovered against the insured for public liability resulting from negligence in the operation, maintenance or use of motor vehicles subject to the financial responsibility requirements of Sections 29 and 30 of the Motor Carrier Act of 1980, regardless of whether or not each motor vehicle is specifically described in the policy and whether or not such negligence occurs on any route or in any territory

authorized to be served by the insured or elsewhere." On the stipulated facts, ER, the named insured, was the owner of a vehicle that was subject to the financial responsibility requirements of the Motor Carrier Act. ER was subject to a claim and a potential judgment for damages resulting from negligence in the operation of that vehicle. The insurer was obligated to pay any such judgment arising from negligence in the operation of that vehicle anywhere. The contract language contains no terms limiting the coverage to the use or operation of the vehicle in interstate commerce, and we will not read such absent terms into the contract the parties made. It is therefore unnecessary to consider the federal statute or regulations that motivated the parties to adopt the language they chose to employ. The language speaks for itself.

## Conclusion

For the reasons stated, we will reverse the judgment appealed from and remand the case to the circuit court with direction to enter a declaratory judgment consistent with this opinion.

Reversed and remanded.