## CIRCUIT COURT OF FAIRFAX COUNTY

Lansdowne on the Potomac
Homeowners Association, Inc., et al.

    v.

Lansdowne Community
Development, L.L.C., et al.

June 27, 2014

Case No. CL-2012-1088

By Judge R. Terrence Ney

These matters came before the Court on January 3, 2014, upon the Defendants', Open Band at Lansdowne, L.L.C., et al., Renewed and Supplemented Motion for Attorney's Fees and Costs.

After considering the pleadings, memoranda, and arguments of counsel, the Court took these matters under advisement. The following embodies the Court's ruling.

### Parties; Amended Complaint, October 26, 2012

The Plaintiff in this action is Lansdowne on the Potomac Homeowners Association, Inc. ("Lansdowne HOA"), the homeowners association for Lansdowne on the Potomac, a residential community developed by Defendant Lansdowne Community Development, L.L.C. ("LCD"). At the time of its creation, the Lansdowne HOA was comprised of individuals affiliated with LCD. The board continued to be controlled and/or influenced by LCD until July 2007.

Plaintiff brought suit against seven Defendants, including LDC, M.C. Dean, Inc. ("M.C. Dean"), LCD Communications, L.L.C., Open Band at Lansdowne, L.L.C. ("OBL"), Open Band SPE, L.L.C., Open Band Multimedia, L.L.C., and Open Band of Virginia, L.L.C. (collectively the "Open Band Defendants").

M.C. Dean is an engineering and integration provider for complex electrical, electronic, and telecommunication systems. Beginning in April 2000, LCD and M.C. Dean created subsidiaries to carry out the contract under which Plaintiff was required to purchase telephone, video, and internet services from Defendant OBL for up to sixty-five years. These subsidiaries created by LDC and M.C. Dean are the defendants in the Amended Complaint. The Amended Complaint alleges that Defendant Open Band was created for the purpose of entering and effectuating Defendants' various agreements granting themselves the exclusive right to provide communications services to the residents of the Lansdowne HOA. Defendant LCD Communications is also a subsidiary of LDC. Defendant Open Band SPE is a subsidiary of M.C. Dean. Defendant Open Band Multimedia is a subsidiary of M.C. Dean and is a provider of multimedia services. Finally, Defendant Open Band of Virginia, a subsidiary of M.C. Dean, is a telephone company certified to provide local exchange and interexchange services.

*Facts*

These facts are derived from the Amended Complaint filed on October 26, 2012. The Amended Complaint alleges that, beginning in 2001, Defendants conspired to award OBL a sweetheart deal to provide communications services to the Lansdowne Community. Specifically, the Amended Complaint alleges that, through unlawful self-dealing, LCD caused the Lansdowne HOA to enter into three agreements, the Agreement to Obtain Telecommunications Services (the "TSA"), the Exclusive Easements for Telecommunication Services at Lansdowne on the Potomac (the "Easement"), and the First Amended and Restated Declaration of Covenants, Conditions, and Restrictions ("CC&R"), granting OBL the exclusive right to provide communications services. The agreements were all entered into when LCD controlled all seats on the Plaintiff's board of directors. LCD used this position to set up favorable deals for its related companies to provide telecommunications services for upwards of fifty years.

The Agreement to Obtain Telecommunication Services (the "TSA") was entered into by the Lansdowne HOA and OBL on May 14, 2001. The TSA was affirmed by the HOA board on June 14, 2002. The TSA provides that OBL would provide basic wired communications services to every resident in the Lansdowne Community and that Plaintiff would not engage any other provider for these services. Residents must pay Plaintiff a monthly fee for these services, even if they do not use them, and Plaintiff then pays OBL (regardless of whether or not the residents pay their fees). It also gives OBL nearly unfettered discretion to choose the set of services as well as the price. The TSA also allows OBL the sole discretion to renew the contract for up to 65 years.

The TSA requires each homeowner to sign a Communications Services Agreement ("CSA") at closing. The CSA is entered into by the homeowner, Plaintiff, and several of the Defendants. The CSA does not disclose the profits LCD made from the self-dealing arrangements, the term of the exclusive contractual arrangement, or the fact that OBL could extend the contract in its sole discretion. Defendants tried to make the TSA appear non-exclusive on its face by stating that residents could obtain services from any provider, but Defendants knew this to be false. Defendants also made this false representation in their brochures for prospective buyers. In 2007, the Federal Communications Commission ("FCC") prohibited such exclusivity clauses.

The second transaction is the Exclusive Easements for Telecommunication Services at Lansdowne on the Potomac (the "Easement"). This granted OBL an exclusive easement and the right to be the exclusive provider of telecommunication services to the Lansdowne Community by granting an exclusive easement over the entire Lansdowne Community. The Easement was made between LCD, LCDC, and Plaintiff (as future owner). The same person signed on behalf of all three parties. The Easement was subsequently modified several times through 2006. That same day, LCDC entered into an agreement with OBL, granting OBL the exclusive and perpetual right to construct, operate, and maintain under and above ground telecommunications lines and the exclusive right to install and maintain lines to individual homes. This agreement also states that Plaintiff will not grant any easement to anyone else to do the same. LCD also agreed to grant OBM and OBVA an easement to construct infrastructure. On July 24, 2001, OBL entered into an agreement for OBM and OBVA to provide OBL with communications services for the Lansdowne Community.

The third transaction is the First Amended and Restated Declaration of Covenants, Conditions, and Restrictions ("CC&R"), dated June 18, 2011. This granted Defendants exclusive and perpetual rights to provide communication services to the Lansdowne Community.

These agreements required Plaintiff to purchase communications services from OBL, benefiting Defendants at the expense of Plaintiff and its members. The board members who worked for LCD violated their fiduciary duties as stated in the HOA bylaws by entering into these transactions.

### Procedural Background

Plaintiff filed the original Complaint on January 23, 2012, alleging that the transactions at issue are self-dealing. After a hearing on Defendants' demurrer, the Plaintiff filed its Amended Complaint on October 26, 2012. After a hearing on a Plea in Bar on March 22, 2013, Defendants LCD and LCD Communications were dismissed from the suit. On March 29, 2013, after this Court heard oral argument on another Plea in Bar, this Court sustained the Plea in Bar to Counts I through VI of the Complaint with

prejudice. The Plaintiff then nonsuited the only remaining count, Count VII, on April 30, 2013. The finality of the nonsuit order was suspended by an Order on May 17, 2013, so that the Court could consider the Defendants' Motion for Attorney's Fees and Costs.

Plaintiff then noticed an appeal on the Counts of the Complaint that were dismissed when the Court sustained the two separate Pleas in Bar of the Defendants. The Supreme Court of Virginia refused the appeal.

Defendants have renewed their Motion for Attorney's Fees and Costs and are now requesting additional attorney's fees and costs incurred in opposing Plaintiff's petition for appeal. The request for attorney's fees is based on the Fee Shifting Provision of the TSA, entered into between Lansdowne HOA and OBL.

The Plaintiff also brought suit against these same Defendants in United States District Court for the Eastern District of Virginia. That Court issued an order regarding Plaintiff's motion for fees in the federal litigation. In that litigation, Plaintiff prevailed on one part of one of the eleven counts. That Court examined the fee shifting provision of the TSA and, after noting that it was extremely broad, awarded the Plaintiff $615,217.52 in fees and costs, including $136,600.50 in fees for proceedings on appeal.

At issue here is whether OBL can be awarded attorney's fees for the other Defendants as well based on the fact that OBL and the other Defendants entered into indemnification agreements.

*Analysis*

A. *Standard of Review; Attorney's Fees*

The Supreme Court of Virginia has consistently adhered to the "American Rule" on attorneys' fees; they are not recoverable by the prevailing party unless provided for by statute or contract. *Dewberry & Davis, Inc. v. C3NS, Inc.*, 284 Va. 485, 495, 732 S.E.2d 239, 243 (2012); *Lee v. Mulford*, 269 Va. 562, 565, 611 S.E.2d 349, 350 (2005); *Ulloa v. QSP, Inc.*, 271 Va. 72, 81, 624 S.E.2d 43, 49 (2006); *Mullins v. Richlands Nat'l Bank*, 241 Va. 447, 449, 403 S.E.2d 334, 335 (1991); *Lannon v. Lee Conner Realty Corp.*, 238 Va. 590, 594, 385 S.E.2d 380, 383 (1989). However, contractual provisions shifting the burden of attorneys' fees are enforceable. *Ulloa*, 271 Va. at 81, 624 S.E.2d at 49.

The prevailing party seeking fees under a contractual provision has the burden to show prima facie that the claimed fees were reasonable and necessary. *West Square, L.L.C. v. Commc'n Tech., Inc.*, 274 Va. 425, 433, 649 S.E.2d 698, 702 (2007). A party can only recover fees for claims on which it prevailed. *Ulloa*, 271 Va. at 82, 624 S.E.2d at 49. However, a party is not *per se* barred from recovering fees incurred for unsuccessful motions. *Dewberry & Davis*, 284 Va. at 499, 732 S.E.2d at 245-46. If the

party ultimately prevailed on the claim, the trial court will determine in its discretion what amount of the claimed fees related to the claim, including those for unsuccessful motions, were reasonable and necessary. *Id.*

## B. *The TSA; Fee Shifting Provision*

The Lansdowne HOA and OBL entered into the Agreement to Obtain Telecommunication Services (the "TSA"). The TSA contained a contractual provision regarding the recovery of fees and costs. Section 8.14 of the TSA, Recovery of Costs, states:

> The prevailing Party in any litigation, proceeding, or action commenced in connection with enforcing any of the provisions of this Agreement shall recover any and all legal expenses incurred in pursuing such litigation, proceeding, or action from the non-prevailing party.

Agreement to Obtain Telecommunication Services, § 8.14, May 14, 2001.

The TSA defines the parties collectively as the Lansdowne HOA and OBL. Agreement to Obtain Telecommunication Services, May 14, 2001.

The Defendants argue that, pursuant to the TSA, because OBL is the prevailing party in the litigation, it is entitled to recover all of its attorney's fees and costs. Furthermore, Defendants assert that this award is to include the attorney's fees and costs incurred by all of the Defendants, not only OBL. OBL makes this assertion because it entered into indemnification agreements with the other Defendants. OBL argues that, because it agreed to indemnify the other Defendants for their legal fees and costs, the legal fees and costs of the other Defendants now effectively belong to OBL.

On the other hand, the Plaintiff argues that the award of attorney's fees and costs to OBL must be limited to those incurred only by OBL. Plaintiff argues that the amount of the award should not include those fees and costs incurred by any other Defendants because OBL was the only Defendant which was a party to the TSA. Therefore, the fee shifting provision does not apply to any other Defendants.

In Virginia the "polestar for the construction of a contract is the intention of the contracting parties as expressed by them in the words they have used." *Fillipo v. CSC Assocs. III, L.L.C.*, 262 Va. 48, 64, 547 S.E.2d 216, 226 (2001) (quoting *Ames v. American Nat'l Bank*, 163 Va. 1, 176 S.E. 204 (1934)). When the terms of a contract are clear and unambiguous, a court is required to construe the terms according to their plain meaning. *Golding v. Floyd*, 261 Va. 190, 192, 539 S.E.2d 735, 736 (2001) (citations omitted). "The guiding light is the intention of the parties as expressed by them in the words they have used, and courts are bound to say that the parties intended what the instrument plainly declares." *Id.* (quoting *W.F. Magann Corp. v. Virginia-Carolina Elec. Works, Inc.*, 203 Va. 259, 264, 123 S.E.2d 377

(1962)). The courts give words their plain and ordinary meaning unless they have acquired some special significance or context within the contract. *Heron v. Transportation Cas. Ins. Co.*, 274 Va. 534, 539, 650 S.E.2d 699, 701 (2007). And the courts "construe the contract as a whole without giving emphasis to isolated terms." *American Spirit Ins. Co. v. Owens*, 261 Va. 270, 541 S.E.2d 553 (2001). "[The contract's] provisions are to be harmonized when possible, [and] effect is to be given to every stipulation when it can be reasonably done." *Uniwest Cost., Inc. v. Amtech Elevator Services, Inc.*, 280 Va. 428, 440, 699 S.E.2d 223, 229 (2010), opinion withdrawn in part on rehearing by 281 Va. 509, 714 S.E.2d 560 (2011).

Here, the terms of the contract are plain and unambiguous. Therefore, we must interpret the terms based on their plain meaning and look at the intent of the parties. The TSA clearly defines the parties to it as only the Lansdowne HOA and OBL. Moreover, the TSA clearly states that the prevailing Party — not Parties — may recover legal expenses of the non-prevailing party. In entering into the TSA, the Lansdowne HOA clearly did not intend to reimburse OBL and all of the other Defendants with which OBL entered into indemnification agreements should OBL be the prevailing party in the litigation. If the Lansdowne HOA had intended this, then it would have entered into the TSA with the other Defendants as well, not just with OBL itself. It is illogical that OBL's obligation to indemnify the other Defendants should be transferred to the Lansdowne HOA when the Lansdowne HOA was not a party to the indemnification agreements, only OBL entered into these agreements.

Therefore, based on the plain meaning of the TSA and the intent of the parties, the Lansdowne HOA is only liable for the attorney's fees and costs incurred by OBL in its successful pursuit of the litigation as well as attorney's fees and costs incurred in defending against the appeal. The Lansdowne HOA is not responsible for the attorney's fees and costs for which OBL agreed to indemnify those other Defendants but did not actually incur directly itself.

*Conclusion*

For these reasons, the Defendant's Motion for Attorney's Fees is granted as to those attorney's fees and costs incurred only by OBL in successfully pursuing the litigation and defending against the appeal and denied as to the attorney's fees and costs incurred by all other Defendants which OBL agreed to indemnify.